STATE EX REL. DANIELSEN, Respondent, vs. WASHBUSH, County Treasurer, Appellant.

*January 8—February 5, 1929.*

*L. E. Gooding,* district attorney of Fond du Lac county, for the appellant.

For the respondent there was a brief by *Allen Whelan* of Ripon, and oral argument by *Mr. Whelan, Mr. L. E. Lurvey* of Fond du Lac, and *Mr. Franklin E. Bump,* assistant attorney general.

CROWNHART, J. In *First Nat. Bank v. Hartford,* 273 U. S. 548, 47 Sup. Ct. 462, the taxes levied by Wisconsin on national banks were held illegal. See *First Nat. Bank v. Hartford,* 187 Wis. 290, 203 N. W. 721; *First Nat. Bank v. Hartford,* 193 Wis. 494, 214 N. W. 617. The city of Ripon had taxed its banks under that law, and the banks paid such taxes to the city treasurer for the years 1923 to 1926, inclusive, under protest. After the law was declared void, the banks filed claims against the city for refund, and upon the disallowance of their claims brought actions to recover. With the consent of the county board of Fond du Lac county such actions were compromised by the city of Ripon and $23,500 was refunded. The state's and county's share of such taxes paid to the county of Fond du Lac was $4,380.75. The city treasurer of Ripon made demand on the county treasurer of the county of Fond du Lac for a credit of that amount on the amount due the county from the city for the year 1927, which demand was refused. The city treasurer thereupon petitioned the circuit court for Fond du Lac county for a writ of *mandamus* to compel the county treasurer to allow such credit. The defendant demurred to the petition, and the circuit court overruled the demurrer.

The order of the court is based on the authority of sec. 74.73, Stats., printed in the margin.[1] That section is so

[1] 74.73 (1) Any person aggrieved by the levy and collection of any unlawful tax assessed against him may file a claim therefor against the town, city, or village, whether incorporated under general law or special charter, which collected such tax in the manner prescribed by law for filing claims in other cases, and if it shall appear that the tax for which such claim was filed or any part thereof is unlawful and that all conditions prescribed by law for the recovery of illegal taxes have been complied with, the proper town board, village board, or common council of any city, whether incorporated under general law or special charter, may allow and the proper town, city, or village treasurer shall pay such person the amount of such claim found to be illegal and excessive. If any town, city, or village shall fail or refuse to allow such claim, the claimant may have and maintain an action against the same for the recovery of all money so unlawfully levied and collected of him. Every such

plain that it does not require judicial construction. Claims were filed against the city of Ripon pursuant to sub. (1), sec. 74.73, Stats. Such claims were disallowed and the claimants brought actions to recover, all in accordance with the statute. The taxes collected from such claimants, it is conceded, were illegal, hence the city compromised the actions with the expressed consent of Fond du Lac county. The city of Ripon then made proper demand for credit on its 1927 taxes due the county of Fond du Lac, pursuant to sub. (2), sec. 74.73, and the county treasurer refused the credit. He thus refused to perform his plain, statutory duty. The petition sufficiently alleged the facts here stated, and the demurrer thereto was properly overruled.

It is not claimed that the statute is unconstitutional, nor can we find any objection thereto on that ground. The appellant seems to rely on a criticism of the legislative policy, but we are not concerned with legislative policy directed within constitutional limits. Such policy is public policy and must be followed by all public officials as well as by citizens of the state.

However, the statute is hardly subject to criticism, for it only seeks to equalize the losses by reason of illegal assessment, between the various governmental departments which

claim shall be filed; and every action to recover any money so paid shall be brought within one year after such payment and not thereafter.

(2) In case any such town, city, or village shall have paid such claim or any judgment recovered thereon after having paid over to the county treasurer the state and county tax levied and collected as part of such unlawful tax, or shall have paid any necessary expenses in defense of such action, such town, city, or village shall be credited by the county treasurer, on the settlement with the proper treasurer for the taxes of the ensuing year, the whole amount of such state and county tax so paid into the county treasury and the county's and state's proportionate share of the taxable costs and expenses of suit, as the case may be; and the county treasurer shall also be allowed by the state treasurer the amount of state tax so illegally collected and the state's proportionate share of such taxable costs and expenses of suit and paid in his settlement with

received the benefit accruing from the same, in proportion as they were benefited.

*By the Court.*—The order of the circuit court is affirmed, with costs to the respondent.

the state treasurer next after the payment of such claim or the collection of such judgment. If any part of such unlawful tax shall have been paid over to any school district before the payment of such claim or judgment, such town shall charge the same to such district with the proportionate share of the taxable costs and expenses of suit, and the town clerk shall add the same to the taxes of such school district in the next annual tax; provided, however, that no claim shall be allowed and no action shall be maintained under the provisions of this section unless it shall appear that the plaintiff has paid more than his equitable share of such taxes.

(3) If any person shall within the time provided by law have paid an occupational tax upon any personal property, and by mistake of the assessing officer such person shall also have paid another tax assessed unlawfully against said property for state or municipal purposes during such period, such person may file a claim therefor and maintain an action for the recovery of all money so unlawfully levied and collected of him as provided in subsection (1) of this section, and every such claim shall be filed and every action to recover any money so paid shall be brought within six years after such payment and not thereafter.